52 F.3d 343
 31 Fed.R.Serv.3d 991, 34 U.S.P.Q.2d 1725
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re LAITRAM MACHINERY, INC., Petitioner.
 No. 421.
 United States Court of Appeals, Federal Circuit.
 March 21, 1995.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 ORDER
 CLEVENGER, Circuit Judge.
 
 
 1
 Laitram Machinery, Inc. petitions for a writ of mandamus to direct the United States District Court for the Eastern District of Louisiana to (1) dismiss Skrmetta Machinery Corporation's declaratory judgment counterclaims concerning two patents and (2) grant Laitram leave to file a counterclaim for infringement of a third patent. Laitram also requests an award of attorney fees and expenses against Skrmetta "for filing, pressing forward with, and misleading the district court on declaratory judgment claims." Skrmetta (1) opposes the petition and the request for fees and expenses and (2) requests an award of fees and expenses against Laitram. Laitram moves for leave to file a reply, with reply attached. Laitram moves for leave to file a response to Skrmetta's letter to the Clerk, with response attached. Skrmetta opposes both motions for leave. Laitram moves to strike Skrmetta's opposition.
 
 BACKGROUND
 
 2
 Laitram sued Skrmetta and two other defendants in the district court for antitrust violations. Laitram settled with the defendants other than Skrmetta. Skrmetta counterclaimed against Laitram for antitrust and unfair competition and also sought declaratory judgments of invalidity, unenforceability and noninfringement of three of Laitram's patents. The patents are: (1) U.S. Patent 4,862,794 ('794 patent) relating to an "Apparatus for Controlling Precooking and Machine Peeling Shrimp";[1] (2) U.S. Patent 5,120,265 ('265 patent) relating to an "Apparatus for and Methods for Improving the Yield of Peeled Shrimp Meat Obtained with Roller Type Shrimp Peeling Machinery"; and (3) U.S. Patent 5,184,538 ('538 patent) relating to a "High Efficiency Steam Cooker."
 
 
 3
 Laitram moved to dismiss Skrmetta's patent declaratory judgment counterclaims with respect to all of the patents for failure to state a claim and for lack of subject matter jurisdiction. On April 28, 1994, the district court treated the motion as a motion for summary judgment and denied the motion without prejudice, noting that the counterclaims were recently filed and that sufficient discovery had not occurred. In a preliminary conference on September 22, 1994, the district court ordered that amendments to pleadings should be filed no later than October 22, 1994. On October 18, 1994, Laitram moved for summary judgment and sought dismissal of the patent declaratory judgment counterclaims or, in the alternative, sought leave to inspect Skrmetta's equipment to determine if there was any possible infringement and a fifteen-day extension of time to amend its pleadings to include patent infringement, if necessary.
 
 
 4
 The district court denied Laitram's motion for summary judgment and dismissal. The district court found that three letters sent to Skrmetta and a history of other litigation between the parties created a reasonable apprehension of litigation and that Laitram was aware of a particular product that might infringe the '794 patent. However, the letters referenced only the '794 patent. Concerning the other two patents, the district court stated:
 
 
 5
 the Court feels that they are so intertwined and related that it certainly would not indicate that they should not be involved here and they all stem from 794. I think that section 252 of Title 35 would indicate that this would probably be part of that continuation or the reissuance that would be involved with respect to a regional patent and so for those reasons the Court will deny that motion.
 
 
 6
 The district court did not identify any product of Skrmetta's that might infringe the '265 and '538 patents. The district court did not specifically determine that Skrmetta had a reasonable apprehension of suit stemming from the other two patents.
 
 
 7
 Additionally, the district court denied Laitram's alternative motion for leave to amend its complaint to include a claim for infringement of the '794 patent. The district court based its decision on the undue delay that an extension of time might cause. The district court denied Laitram's requests to stay discovery and to certify the denial of dismissal for immediate appeal. On December 22, 1994, the district court denied, without explanation, Laitram's motion for reconsideration and Laitram's motion for leave to file a counterclaim for patent infringement. Laitram filed this petition for a writ of mandamus to direct the district court to dismiss the declaratory judgment counterclaims concerning the '265 and '538 patents and to grant Laitram leave to file a counterclaim for infringement of the '794 patent.
 
 DISCUSSION
 
 8
 The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired and that the right to issuance of the writ is "clear and indisputable." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).
 
 
 9
 Laitram argues that mandamus is appropriate in this case to confine the district court to a lawful exercise of its prescribed jurisdiction. See In re Innotron Diagnostics, 800 F.2d 1077, 1081 (Fed.Cir.1986). Laitram argues that the district court does not have jurisdiction over the declaratory judgment counterclaims concerning the '265 and '538 patents because there is no case of actual controversy concerning infringement of those patents. See 28 U.S.C. Sec. 2201 (a court may declare the rights and other legal relations of any part seeking such a declaration "[i]n a case of actual controversy"); BP Chemicals Ltd. v. Union Carbide Corp., 4 F.3d 975, 977 (Fed.Cir.1993) ("[t]he requirement of actual controversy encompasses concepts such as ripeness, standing, and the prohibition against advisory judicial rulings"); Grain Processing Corp. v. American Maize-Products Co., 840 F.2d 902, 905 (Fed.Cir.1988) ("a case or controversy is a jurisdictional predicate for declaratory judgment under 28 U.S.C. Sec. 2201"). In response, Skrmetta argues that mandamus is not appropriate because Laitram can seek review of the "case of actual controversy" issue in an appeal after final judgment. However, it is clear that the district court incorrectly found a case of actual controversy concerning the '265 and '538 patents and thus is exceeding its jurisdiction by entertaining those counterclaims.[2]
 
 
 10
 The district court stated that the counterclaims relating to the '265 and '538 patents should not be dismissed because they are "so intertwined and related ... and they all stem from 794" and because of the history of litigation between the parties. We agree with Laitram that the district court erred in this analysis. As we stated in BP Chemicals, there are two prongs for determining "declaratory justiciability":
 
 
 11
 for an actual controversy more is required than the existence of an adversely held patent.... There must be both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.
 
 
 12
 BP Chemicals, 4 F.3d at 978. In this case, the second requirement clearly was not met. The district court made no finding that Skrmetta produces or has taken concrete steps toward producing any item that might constitute infringement of the '265 and '538 patents. Laitram states that it is unaware of any Skrmetta products that might infringe its patents. Notably, in its response, Skrmetta does not identify any products or any concrete steps taken with the intent to produce an item that might constitute infringement of those patents. The district court clearly erred by finding a case of actual controversy in the absence of potential infringing activity. Furthermore, the existence of potential infringing activity concerning the '794 patent does not create a case of actual controversy for the other two patents. We agree with Laitram that the district court must determine whether there is a case of actual controversy separately for each patent identified in a declaratory judgment counterclaim. Cf. Grain Processing, 840 F.2d at 906 (district court properly refused to entertain declaratory judgment action for certain claims of a patent while permitting a declaratory judgment action for other claims).
 
 
 13
 Nor has Skrmetta persuaded us that the district court correctly decided that the first requirement was met, i.e., that an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, exists. BP Chemicals, 4 F.3d at 978. As we noted earlier, the three letters that formed the basis of the "reasonable apprehension" finding for the '794 patent mentioned only the '794 patent. The district court did not discuss how the history of litigation between the parties might have created, for Skrmetta, a reasonable apprehension of facing an infringement suit based on the '265 and '538 patents. While "[t]here is not always an easy demarcation between a reasonable apprehension on the part of a would-be infringer, and the situation whereby a patent, by its existence, inhibits unauthorized practice of its subject matter," BP Chemicals, 4 F.2d at 980, there must be more "than the existence of an adversely held patent." Id. at 978.
 
 
 14
 Laitram also requests that this court direct the district court to permit Laitram to amend its complaint or to file a counterclaim for infringement of the '794 patent. We conclude that the requested relief should be granted. We note at the outset that Skrmetta's counterclaims for declaratory judgments of noninfringement, invalidity and unenforceability have already placed the infringement issue before the court. With or without allowing Laitram to amend its complaint, the suit will go forward. Thus, the district court's "undue delay" ruling does not appear to be relevant. Further, Laitram may be prejudiced if it is not allowed to seek damages for possible infringement in this case, if infringement is found.
 
 
 15
 Fed.R.Civ.P. 15(a) provides, in pertinent part, that "a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court stated:
 
 
 16
 If the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith, or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."
 
 
 17
 Foman, 371 U.S. at 182. The district court clearly abused its discretion by refusing to permit Laitram to amend its complaint and clearly erred when it decided that it would be "indicative of undue delay" to grant Laitram an extension to amend its complaint and offered no explanation in denying reconsideration. Mere delay is not a reason for denying leave; the delay must be "undue." In Tenneco Resins, Inc. v. Reeves Bros., Inc., 752 F.2d 630, 634-35 (Fed.Cir.1985), we held that in determining whether to grant leave to amend, a trial court should take into account the possibility of prejudice to the adverse party if leave were granted. If a ground for rejecting the amendment is delay, the delay must be "undue." In Tenneco Resins, we held that the district court acted within its discretion in denying a party leave to assert patent invalidity after a lengthy delay including repeated failures for more than five years to raise the issue because the new issue might involve additional discovery and some witnesses might be unavailable. As stated before, permitting an amendment or the filing of a counterclaim in this case will not add any issues at trial, except the possibility of damages, because the court will in any event be trying infringement, invalidity, and unenforceability of the '794 patent in Skrmetta's counterclaim for a declaratory judgment. We note that Skrmetta's counterclaim for a declaratory judgment relating to the '794 patent was not filed until February of 1994 and that Skrmetta sought an extension and leave to amend approximately eight months later. Skrmetta does not allege any prejudice or explain how the delay was "undue." Skrmetta argued at the district court that Laitram could file a separate action for infringement of the '794 patent. Assuming arguendo that that is the case, we agree with Laitram that a separate action would, in the least, complicate adjudication of the issues because the district court in this case will be considering the issues of noninfringement, invalidity, and unenforceability of the '794 patent.
 
 
 18
 Finally, we decline to grant either of the two requests for attorney fees and expenses.
 
 
 19
 Accordingly,
 
 IT IS ORDERED THAT:
 
 20
 (1) Laitram's petition for a writ of mandamus is granted. The district court is directed to dismiss the declaratory judgment counterclaims concerning the '265 and '538 patents and to grant Laitram leave to file a counterclaim for infringement of the '794 patent.
 
 
 21
 (2) Laitram's request for attorney fees and expenses is denied.
 
 
 22
 (3) Skrmetta's request for attorney fees and expenses is denied.
 
 
 23
 (4) Laitram's motions for leave to file replies are granted.
 
 
 24
 (5) Laitram's motion to strike Skrmetta's opposition is denied.
 
 
 
 [1]
 The patent was reissued as Re. 34,646 on June 28, 1994. We refer to the patent as the '794 patent
 
 
 [2]
 As noted earlier, the district court concluded that Skrmetta had a reasonable apprehension that it would face a patent infringement suit on the '794 patent and that Laitram was aware of a product that might infringe that patent. Laitram does not seek the remedy of mandamus to direct the dismissal of that declaratory judgment counterclaim